UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOME, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-0936-KJM-EFB (PC)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915(a). For the reasons stated below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of court records reveals that plaintiff has "struck out" under 28 U.S.C. § 1915(g). *See, e.g., Blackman v. Pollard*, No. 2:21-cv-0164-JAM-KJN (E.D. Cal. June 2, 2021); *Blackman v. Dixon*, 2:18-cv-0079-KJM-AC (E.D. Cal. Aug. 1, 2019); *Blackman v.*

1

*Skelton*, No. 2:18-cv-3273-MCE-EFB (E.D. Cal. June 17, 2019); *Blackman v. Voong*, 2:18-cv-0216-TLN-AC (E.D. Cal. Mar. 16, 2018 Order).  Indeed, on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *Blackman v. Hartwell*, No. 1:99-cv-5822-REC-HGB (E.D. Cal.) (case dismissed on March 12, 2001 for failure to state a claim); (2) *Blackman v. Variz*, No. 3:06-cv-6398-SI (N.D. Cal.) (case dismissed on December 18, 2006 for failure to state a claim); (3) *Blackman v. Mazariegos*, No. 3:06-cv-7625-SI (N.D. Cal.) (case dismissed on September 4, 2007, for failure to state a claim); and (4) *Blackman v. Mazariegos*, No. 3:07-cv-2021-SI (N.D. Cal.) (case dismissed on September 5, 2007 for failure to state a claim).

   The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing.  28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  Plaintiff's complaints (ECF Nos. 1 & 6) make no such showing.  To the extent the complaints are even comprehensible, their focus seems to be on plaintiff's claim that he has been falsely imprisoned for 18 years.  *See, e.g.,* ECF No. 1 at 2, 6, 8.  Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g).  Plaintiff must submit the appropriate filing fee in order to proceed with this action.

   Accordingly, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, it is RECOMMENDED that:

   1. Plaintiff's applications to proceed in forma pauperis (ECF Nos. 2 & 7) be denied; and

   2. Plaintiff be ordered to pay the $402 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 5, 2022.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE